**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF FLORIDA**

| | |
|---|---|
| ALLISON GAY, SANDAHL NELSON, MOLLY MARTIN and GENEVIEVE GAMEZ, On Behalf of Themselves and All Others Similarly Situated,<br><br>Plaintiffs,<br><br>vs.<br><br>TOM'S OF MAINE, INC.,<br><br>Defendant. | **No: 14-cv-60604-KMM** |

**DECLARATION OF NATHAN C. ZIPPERIAN IN SUPPORT OF PLAINTIFFS' MEMORANDUM OF LAW IN SUPPORT OF UNOPPOSED MOTION FOR PRELIMINARY APPROVAL OF CLASS ACTION SETTLEMENT**

I, Nathan C. Zipperian, hereby declare as follows:

1. I am an attorney duly licensed to practice law in the States of Florida, Arizona, Oregon, New Jersey, and the Commonwealth of Pennsylvania, as well as multiple circuit and federal courts. I am a partner of the law firm of Shepherd, Finkelman, Miller & Shah, LLP ("SFMS"), counsel of record for Plaintiff, Allison Gay, in the above-captioned matter. I have personal knowledge of the matters stated herein and, if called upon, I could and would competently testify thereto.

2. I am submitting this Declaration in support of Plaintiffs' Unopposed Motion for Preliminary Approval of Class Action Settlement.

3. A true and correct copy of the Settlement Agreement in this action, with its exhibits, is attached as **Exhibit A** to this Declaration.

4. SFMS is a law firm with offices in California, Connecticut, Florida, New Jersey, New York, Pennsylvania, and Wisconsin. SFMS focuses on complex civil and commercial litigation and the attorneys of SFMS have extensive experience in class actions, collective actions, and other complex matters. Its lawyers have been appointed lead or co-lead class counsel in numerous cases at both the state and federal level. Dostart Clapp & Coveney, LLP; Reese, LLP; Halunen Law and The Feinberg Law Firm are similarly qualified and experienced in complex matters, including extensive experience in class actions. The firm résumés of each firm are attached as **Exhibit B** to this Declaration.

5. As a partner of SFMS, I concentrate my practice in complex litigation, including the prosecution of consumer, defective product, securities, ERISA, and antitrust class actions.

6. In my opinion, the proposed Settlement in this action is fair, reasonable, and in the best interests of the Class members given the risk factors involved in continuing litigation, as discussed in the motion for preliminary approval.

7. Plaintiffs and Plaintiffs' counsel have sufficient information to recommend approval of the Settlement. As discussed in the motion for preliminary approval, before the Complaint in this case was filed on March 7, 2014, Plaintiffs' counsel had extensively investigated the factual allegations ultimately made in the Complaint. In addition, as the result of discussions with Plaintiffs' counsel, Defendant had informally provided information regarding its practices to Class Counsel.

8. After service of the Complaint was effectuated, counsel for Plaintiff Gay was informed that there was an ongoing mediation between Defendant and Plaintiffs Nelson and

Martin, who had served letters pursuant to the CLRA on Defendant on, respectively, March 25, 2013 and April 9, 2013, regarding similar claims in California against Defendant and that they had been meeting with Defendant since December 2013.

9. With the agreement of Defendant and Plaintiffs Nelson and Martin, Plaintiff Gay and her counsel joined the ongoing mediation proceedings.

10. On April 9, 2014, Tom's filed an unopposed motion requesting an extension of time to answer the Complaint, which the Court granted in part and denied in part on April 15, 2014, granting an extension of time for Tom's to respond to the Complaint to April 29, 2014, to facilitate such mediation.

11. On April 21, 2014, counsel for the parties scheduled a mediation session in an attempt to resolve the dispute and on the following day, and the parties confirmed the session before the Honorable Peter D. Lichtman (Ret.) of JAMS in Los Angeles, California, for May 27, 2014.

12. On April 23, 2014, counsel for Defendant filed a second unopposed motion requesting an extension of time to respond to the Complaint, which the Court granted, extending Tom's time to respond to June 9, 2014.

13. In the meantime, on April 30, 2014, counsel for Plaintiff Gamez filed a similar lawsuit in the Central District of California, captioned *Gamez v. Tom's of Maine, Inc.*, Case No. cv-14-03336, while counsel for Plaintiffs Kenney and Morales also served a CLRA letter regarding similar claims for certain of Tom's products on May 12, 2014.

14. Counsel for Plaintiffs Nelson, Martin and Gay prepared, exchanged, and submitted mediation briefs, and duly met with counsel for Tom's on May 27, 2014.

15. Over the course of the following months, with the assistance of Judge Lichtman, the parties hammered out the precise terms of the Settlement, finalizing the Settlement Agreement on July 24, 2015.[1] At all times, the negotiations were adversarial, non-collusive, and conducted at arm's-length.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct. Executed on this 8th day of September 2015, in Weston, Florida.

/s/ Nathan C. Zipperian
Nathan C. Zipperian

[1] In the meantime, the Court, upon a *sua sponte* examination of the record, dismissed the instant action without prejudice for want of a joint scheduling report. The parties moved to reopen the matter in a Joint Scheduling Report on July 24, 2015, and Plaintiffs filed an Amended Complaint on July 24, 2015. The Court reopened the matter on September 1, 2015.