UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 0:14-cv-60604-KMM

ALLISON GAY, SANDAHL NELSON,
MOLLY MARTIN, LORETTE KENNEY,
CLAUDIA MORALES, AND
GENEVIEVE GAMEZ,
Individually and on Behalf of All Others Similarly
Situated,

        Plaintiffs,

v.

TOM'S OF MAINE, INC.,

        Defendant.
_____/

## ORDER PRELIMINARILY APPROVING CLASS ACTION SETTLEMENT, CONDITIONALLY CERTIFYING THE SETTLEMENT CLASS, AND PROVIDING FOR NOTICE AND SCHEDULING ORDER

WHEREAS, Plaintiffs and Defendant Tom's of Maine, Inc., after arm's-length Settlement discussions, have entered into a Stipulation of Settlement in the above-captioned action,[1] filed on September 8, 2015;

WHEREAS, the Court has received and considered the Stipulation, including the accompanying exhibits;

WHEREAS, the Parties have made an application for an Order preliminarily approving the Settlement of this Action, and for its dismissal with prejudice upon the terms and conditions set forth in the Stipulation;

WHEREAS, the Court has reviewed the Parties' application for such Order, and has found good cause for same.

---

[1] All capitalized terms herein shall have the same meanings as set forth in the Stipulation unless otherwise specifically defined.

NOW, THEREFORE, IT IS HEREBY ORDERED:

**A.     The Settlement Class Is Conditionally Certified**

1.     Pursuant to Federal Rule of Civil Procedure 23, and for Settlement purposes only, the Court hereby certifies the following Class:

> All individuals in the United States who purchased Tom's of Maine, Inc.'s "natural" products from March 25, 2009 until **(the date notice of this Settlement to the Class is first published)**.  Specifically excluded from the Class are (i) those who purchased Covered Products for purpose of resale; (ii) those with claims for personal injuries arising from the use of Covered Products; (iii) Defendant and its officers, directors and employees; (iv) any person who files a valid and timely Request for Exclusion; and (v) the Judges to whom this Action is assigned and any members of their immediate families.

2.     With respect to the Class and for Settlement purposes only, the Court preliminarily finds the prerequisites for a class action under Federal Rules of Civil Procedure 23(a) and (b)(3) have been met, including: (a) numerosity; (b) commonality; (c) typicality; (d) adequacy of the Class representatives and Class Counsel; (e) predominance of common questions of fact and law among the Class for purposes of Settlement; and (f) superiority.

3.     Pursuant to Federal Rule of Civil Procedure 23, the Court hereby appoints the Plaintiffs in the Action, Allison Gay, Sandahl Nelson, Molly Martin, Lorette Kenney, Claudia Morales, and Genevieve Gamez, the Class representatives.

4.     Having considered the factors set forth in Federal Rule of Civil Procedure 23(g)(1), the Court hereby appoints the law firms of Shepherd, Finkelman, Miller & Shah, LLP; Reese LLP; Halunen Law; Dostart Clapp & Coveney, LLP; and The Feinberg Law Firm, as Class Counsel.

### B. The Stipulation Is Preliminarily Approved and Final Approval Schedule Set

5. The Court hereby preliminarily approves the Agreement and the terms and conditions of Settlement set forth therein, subject to further consideration at the Final Approval Hearing described below.

6. The Parties understand that in connection with the Final Approval process, Plaintiffs will request attorneys' fees not to exceed 23% of the settlement fund, or One Million Thirty-Five Thousand Dollars ($1,035,000.00), and no more than Fifty Thousand Dollars ($50,000.00) in expenses.

7. The Court has conducted a preliminary assessment of the fairness, reasonableness, and adequacy of the Agreement, and hereby finds that the Settlement falls within the range of reasonableness meriting possible final approval. The Court therefore preliminarily approves the proposed Settlement as set forth in the Agreement.

8. Pursuant to Federal Rule of Civil Procedure 23(e), the Court will hold a Final Approval Hearing on January 28, 2016, at 11:00 a.m. EST, in the Courtroom of the Honorable K. Michael Moore, United States District Court for the Southern District of Florida, 400 North Miami Ave., Miami, FL 33128, for the following purposes:

    a) to finally determine whether the Class meets all applicable requirements of Federal Rule of Civil Procedure 23 and, thus, should be certified for purposes of effectuating the Settlement;

    b) to determine whether the proposed Settlement of the Action on the terms and conditions provided for in the Agreement is fair, reasonable and adequate and should be finally approved by the Court;

c)   to consider the application of Class Counsel for an award of Attorneys' Fees and Expenses, as provided for under the Agreement;

d)   to consider the applications of Plaintiffs for Class representative incentive awards, as provided for under the Agreement;

e)   to consider whether the Court should enter the Proposed Final Settlement Order and Judgment;

f)   to consider whether the release of the Released Claims as set forth in the Agreement should be provided; and

g)   to rule upon such other matters as the Court may deem just and appropriate.

9. The Court may adjourn the Final Approval Hearing and later reconvene such hearing without further notice to Settlement Class Members.

10. The Parties may further modify the Agreement prior to the Final Approval Hearing so long as such modifications do not materially change the terms of the Settlement provided thereunder. The Court may approve the Agreement with such modifications as may be agreed to by the Parties, if appropriate, without further notice to Settlement Class Members.

11. All papers in support of the Settlement and any application for an award of Attorneys' Fees and Expenses and/or Class representative incentive awards must be filed with the Court and served at least fourteen (14) days prior to the Final Approval Hearing.

**C.   The Court Approves the Form and Method of Class Notice**

12. The Court approves, as to form and content, the proposed Publication Notice and Class Notice (collectively the "Notice"), which are Exhibits 7 and 8, respectively, to the Agreement.

13. The Court finds that the distribution of Notice, substantially in the manner and form set forth in the Agreement, meets the requirements of Federal Rule of Civil Procedure 23 and due process, is the best Notice practicable under the circumstances, and shall constitute due and sufficient notice to all persons entitled thereto.

14. The Court approves the designation of Dahl Administration to serve as the Court-appointed Settlement Administrator for the Settlement. The Settlement Administrator shall cause the Publication Notice to be published, disseminate Class Notice, and supervise and carry out the Notice procedure, the processing of Claims, and other administrative functions, and shall respond to Settlement Class Member inquiries, as set forth in the Agreement and this Order under the direction and supervision of the Court.

15. The Court directs the Settlement Administrator to establish a Settlement Website, making available copies of this Order, Class Notice, Claim Forms (that may be downloaded and submitted online, by mail, or by facsimile), the Agreement and all Exhibits thereto; a toll-free hotline, and such other information as may be of assistance to Settlement Class Members or required under the Agreement. The Class Notice and Claim Forms shall be made available to Settlement Class Members through the Settlement Website on the date Notice is first published and continuously thereafter through the Effective Date (and on the websites of Class Counsel during the same period).

16. The costs of Notice, processing of Claims of Settlement Class Members, creation and maintenance of the Settlement Website, and all other Claim Administrator and Notice expenses, shall be paid by Defendant in accordance with the applicable provisions of the Agreement.

**D.     Procedure for Class Members to Participate in the Settlement**

17.     The Court approves the Parties' proposed Claim Form. Any Settlement Class Member who wishes to participate in the Settlement shall complete a Claim Form in accordance with the instructions contained therein and submit it to the Claim Administrator by the date approved by the Court and which will be specifically identified in the Claim Form. Such deadline may be further extended without notice to the Class by written agreement of the Parties.

18.     The Claim Administrator shall have the authority to accept or reject claims in accordance with the Agreement.

19.     Any Settlement Class Member may enter an appearance in the Action, at his or her own expense, individually or through counsel who is qualified to appear in the jurisdiction. All Class Members who do not enter an appearance will be represented by Class Counsel.

**E.     Procedure for Requesting Exclusion from the Class**

20.     All Settlement Class Members who do not timely exclude themselves from the Class shall be bound by all determinations and judgments in the Action concerning the Settlement, whether favorable or unfavorable to the Class.

21.     Any person or entity falling within the definition of the Class may, upon his, her or its request, be excluded from the Class. In order to opt out (be excluded), a Settlement Class Member must send the Settlement Administrator a written Request for Exclusion that is postmarked no later than the Opt-Out Date. The Request for Exclusion must be personally signed by the Settlement Class Member requesting exclusion and contain a statement that indicates a desire to be excluded from the Settlement Class.

22.     Any Settlement Class Member who does not file a timely written Request for Exclusion shall be bound by all subsequent proceedings, Orders and the Final Judgment and

Order Approving Settlement in this Action, even if he, she or it has pending, or subsequently initiates, litigation, arbitration or any other proceeding against Defendant relating to the Released Claims. All Settlement Class Members who submit valid and timely Requests for Exclusion in the manner set forth in the Stipulation shall have no rights under the Agreement and shall not be bound by the Stipulation or the Final Judgment and Order.

23. A list reflecting all parties filing timely Requests for Exclusions shall be filed with the Court by the Parties prior to the Final Approval Hearing.

### F. Procedure for Objecting to the Settlement

24. Any Settlement Class Member who intends to object to the fairness of the Settlement must do so in writing no later than the Objection Date. The written objection must be filed with the Court and served on Class Counsel identified in the Notice and Tom's Counsel no later than the Objection Date. The written objection must include: (a) a heading which refers to the Action; (b) the objector's name, address, telephone number and, if represented by counsel, of his/her/its counsel; (c) a statement that the objector purchased Covered Products during the period of time described in the Settlement Class definition; (d) a statement whether the objector intends to appear at the Final Approval Hearing, either in person or through counsel; (e) a statement of the objection and the grounds supporting the objection; (f) copies of any papers, briefs, or other documents upon which the objection is based; (g) the name and case number of all objections to class action settlements made by the objector in the past five (5) years; and (h) the objector's signature. The Court will consider such objection(s) and papers only if such papers are timely received by the Clerk of the Court and by Class Counsel and by Defendant's Counsel. Such papers must be sent to each of the following persons:

| Clerk of the Court | James C. Shah | David K. Callahan |
|---|---|---|
| United States District Court | Shepherd, Finkelman, Miller | Latham & Watkins LLP |
| Southern District of Florida | & Shah, LLP | 330 N. Wabash, Suite 2800 |
| 440 North Miami Ave | 35 E. State Street | Chicago, IL 60611 |
| Miami, FL 33128 | Media, PA 19106 | |

25. Each Settlement Class Member submitting an objection must state whether he, she or it (or his, her or its attorney) intends to appear at the Final Approval Hearing.

26. Attendance at the Final Approval Hearing is not necessary; however, any Settlement Class Member wishing to be heard orally with respect to approval of the Settlement, the applications for Attorneys' Fees and Expenses, or the application for Class representative incentive awards is required to provide written notice of their intention to appear at the Final Approval Hearing by the Objection Date. A Settlement Class Member's failure to submit a written objection in accordance with the procedure set forth in the Class Notice waives any right the Settlement Class Member may have to object to the Settlement, to appear at the Final Approval Hearing, or to appeal or seek other review of the Final Judgment and Order.

### G. Nationwide Stay and Preliminary Injunction

27. Effective immediately, any actions or proceedings pending in any state or federal court in the United States involving Tom's of Maine's Products, except any matters necessary to implement, advance, or further approval of the Settlement Agreement or settlement process, are stayed pending the final Fairness Hearing and the issuance of a final order and judgment in this Action.

28. In addition, pending the final Fairness Hearing and the issuance of a final order and judgment in this Action, all members of the Settlement Class and their legally authorized representatives are hereby preliminarily enjoined from filing, commencing, prosecuting, maintaining, intervening in, participating in (as class members or otherwise), or receiving any

benefits from any other lawsuit, arbitration, or administrative, regulatory, or other proceeding or order in any jurisdiction arising out of or relating to the Tom's of Maine Products or the facts and circumstances at issue in the Action.

29. Additionally, pending the final Fairness Hearing and issuance of a final order and judgment in this Action, all members of the Settlement Class and their legally authorized representatives are hereby preliminary enjoined from filing, commencing, prosecuting, or maintaining any other lawsuit as a class action (including by seeking to amend a pending complaint to include class allegations, or by seeking class certification in a pending action in any jurisdiction), on behalf of members of the Settlement Class, if such other class action is based on or relates to Tom's of Maine Products.

30. Under the All Writs Act, the Court finds that issuance of this nationwide stay and injunction is necessary and appropriate in aid of the Court's jurisdiction over this action. The Court finds no bond is necessary for issuance of this injunction.

DONE AND ORDERED in Chambers at Miami, Florida, this **9th** day of September, 2015.

K. MICHAEL MOORE
CHIEF UNITED STATES DISTRICT JUDGE

cc: All counsel of record