# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF FLORIDA

| | |
|---|---|
| ALLISON GAY, SANDAHL NELSON, MOLLY MARTIN and GENEVIEVE GAMEZ, On Behalf of Themselves and All Others Similarly Situated, ) ) ) ) ) | No: **14-cv-60604-KMM** |
| Plaintiffs, ) ) | |
| vs. ) ) | |
| TOM'S OF MAINE, INC., ) ) | |
| Defendant. ) ) ) ) | |

---

**DECLARATION OF JAMES C. SHAH IN SUPPORT OF PLAINTIFFS'
UNOPPOSED MOTION FOR FINAL APPROVAL OF
CLASS ACTION SETTLEMENT, APPLICATION FOR SERVICE AWARDS,
AND CLASS COUNSEL'S APPLICATION FOR ATTORNEYS' FEES AND
EXPENSES**

---

I, James C. Shah, declare as follows:

1. I am a partner at the law firm of Shepherd, Finkelman, Miller & Shah, LLP ("SFMS"). I am admitted to practice in California, Pennsylvania, New Jersey, New York and Wisconsin, as well as multiple circuit and federal courts. SFMS, among others, was appointed as Class Counsel by this Court in its September 9, 2015 Order (Dkt. 21) preliminarily approving the proposed settlement of this Litigation[1] (the "Settlement").

2. I have actively participated in all aspects of this Litigation, including, but not limited to: (1) case investigation; (2) mediation process; (3) informal discovery; (4) drafting of pleadings; (5) negotiation of the Settlement; and (6) communication with the Settlement Administrator before and during the claims administration process. Thus, I am fully familiar with the proceedings. If called upon, I am competent to testify that the following facts are true and correct to the best of my knowledge, information, and belief.

3. I submit this declaration in support of Plaintiffs' Unopposed Motion for Final Approval of Class Action Settlement, Application for Service Awards, and Class Counsel's Application for Attorneys' Fees and Expenses.

4. As set forth below in the accompanying Memorandum, Plaintiffs[2] reached a Settlement with Defendant, Tom's of Maine, Inc. ("Tom's" or "Defendant"). Class Counsel respectfully submits that the Settlement is fair, reasonable, adequate, and in the best interests of the Settlement Class Member and, therefore, should be approved by the Court.

---

[1] Unless otherwise noted, all capitalized terms herein shall have the same meaning as in the Stipulation and Agreement of Settlement ("Settlement Agreement").

[2] Plaintiffs include Allison Gay, Sandahl Nelson, Lorette Kenney, Claudia Morales, Molly Martin and Genevieve Gamez (collectively, the "Class Representatives" or "Plaintiffs").

5. I believe that Plaintiffs achieved an excellent result in the Settlement. A broad and complex range of both legal and factual issues was presented in connection with this Litigation. We analyzed these issues and concluded that, while the Litigation possessed merit, there were risks involved with proving Defendant's liability and ultimately prevailing in the Litigation.

6. Class Counsel have dedicated significant time and resources to investigating and resolving this case on behalf of the Class. The firms' legal services were performed on a wholly contingent fee basis. Class Counsel were obligated to ensure that sufficient resources and attorney time were dedicated to the prosecution of the case and that funds were available to compensate staff and the considerable out-of-pocket costs required by such complex cases. Therefore, Class Counsel have assumed the risk of non-payment in litigating and prosecuting this action and have, at all times, ensured that sufficient resources were made available.

7. In recognition of the substantial efforts by Class Counsel and the benefits achieved for the Class through this Settlement, Class Counsel request that the Court approve payment of an award of $1,035,000 in attorneys' fees, as well as litigation costs and expenses in a sum not to exceed $50,000.[3]

8. The Settlement with Tom's is fair, adequate and reasonable and the Settlement takes into account the provable damages, the risks of the case and the delay likely in continued litigation. Class Counsel has extensive experience in prosecuting complex class actions and have obtained sufficient information to weigh the benefits of settlement. Class Counsel extensively analyzed the legal theories of the case, the risk, expense and delays of continued litigation and

---

[3] Class Counsel's expenses currently total $25,953.53. Class Counsel will submit an updated expense amount prior to the Final Approval Hearing.

3

determined the proposed compromise is fair under the circumstances. Defendant has vigorously denied any wrongdoing, and has raised legal and factual defenses to Plaintiffs' allegations. From the outset, Defendant has consistently maintained that Plaintiffs' claims lack merit, and asserted numerous formidable defenses. In the absence of the Settlement, this matter would have undoubtedly been litigated to the fullest extent possible in every court available, at great additional expense and with uncertain outcomes, but with the distinct possibility of unfavorable outcomes for the Class.

9. Class Counsel have fully advised the Class Representatives of the terms of the Settlement Agreement and represent that they fully approve of and consent to the Settlement.

10. Notice of this Settlement has been widely disseminated. *See* Declaration of Jeffrey D. Dahl With Respect to Implementation of Notice Plan and Performance of Required Settlement Administration Activities ("Dahl Decl."), attached hereto as Exhibit "1." Despite this breadth of notice, only two objections have been received and only one request for exclusion has been received. In short, the reaction of the Class overwhelmingly supports the reasonableness of this Settlement.

11. Class Counsel maintained detailed time records regarding the work performed in connection with the prosecution of the litigation. Attached hereto, collectively, as Exhibit "2" are time and expense summary charts for Class Counsel. These charts were completed by Class Counsel based upon the records created during the pendency of this litigation. The total number of hours spent by the attorneys, paralegals and law clerks working on behalf of Class Counsel is 2,181.20. As reflected in Exhibits "2" through December 11, 2015, Class Counsel have accumulated a lodestar totaling $1,248,960.50, at current billing rates.

12. Class Counsel also reasonably estimates that they will require at least an additional $50,000 in attorneys' fees and costs post-final approval. That time will, *inter alia*, be spent attending the Final Approval Hearing, providing any additional information required by the Court, communicating with Class Members regarding the Settlement and monitoring the claims administration process.

13. The hourly rates, ranging from $185 for certain paralegal work to up to $800 for senior experienced litigation counsel, have been accepted and approved in other similar complex contingent class action litigation.

14. Class Counsel, to date, also have expended a total of $25,953.53 in unreimbursed expenses in connection with the prosecution of this Litigation through December 11, 2015. The expenses include court filing and process fees, investigative fees, copying costs, postage charges, transportation and travel expenses, mediation charges, telephone charges, and computer and research charges.

15. These expenses are reflected in the books and records of Class Counsel and have been prepared from expense vouchers, receipts, statements and other records and are a true and accurate summary of the expenses for this case. The expenses for which reimbursement is sought all were necessarily incurred and are reasonable in amount.

16. The Declaration of Elisa Odabashian, the director of Consumer Union's state programs, is attached as Exhibit "3."

17. To date, two Settlement Class Members have objected to the Settlement and one Settlement Class Member has opted-out of the Settlement.

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct, and that this declaration was executed at Collingswood, New Jersey, this 15th day of December, 2015.

       /s/ *James C. Shah*
       James C. Shah