Samuel Goldstone

130 S. Barranca St. Apt 318

West Covina, CA 91791

(626) 646-7211

FILED by _____ D.C.

DEC 2 9 2015

STEVEN M. LARIMORE
CLERK U.S. DIST. CT.
S.D. of FLA. – MIAMI

I object to the settlement in *Gay v. Tom's Of Maine, Inc.*, 0:14-CV-60604-KMM.

Clerk of the Court

United States District Court

Southern District of Florida

400 North Miami Ave.

Miami, FL, 322128


DEAR HONORABLE JUDGE K. Michael Moore


Please be advised that as a member of this class action that this litigation is meant to protect, I have serious concerns about the fairness of the proposed settlement being considered in this matter. As a result, I would like to lodge a formal objection for the court's consideration.

The plaintiff has made the claim that they were deceived by the label "all natural" on Tom's of Maine's inc. products. It is unfortunate that the plaintiff believes they were deceived and tricked into buying Tom's of Maine's products, but I would simply like to submit that it is not the responsibility of Tom's of Maine's inc. to determine what interpretation consumers have of their products. This is especially true when we speak of the term "all natural", a term that is open to a wide variety of interpretations. There is no universally accepted definition and I find it questionable that such serious allegations have been launched at Tom's of Maine's inc. over a term that is so subjective and open to debate. The plaintiff might as well make allegations against a food company that labels their food as "delicious" but which plaintiff disagrees and charges the food company with false advertising. I would

argue that the term "all natural" is just as subjective as the term "delicious", "tasty", "healthy" or numerous other adjectives that business use to describe their food and other products. Also, there can be little doubt that these terms including "all natural" are in fact subjective and have many definitions especially in this specific matter. Tom's of Maine's inc. creates many products including toothpaste. It is generally accepted that toothpaste would not be considered "natural" by most definitions, and yet the plaintiff does not argue that Tom's of Maine's inc. meant to deceive the public into thinking that toothpaste was "natural", but that it's ingredients were, which is a critical detail. The plaintiff's argument that the ingredients are not "all natural" is merely one interpretation of many and is no more valid than any other. This shows that even the plaintiff made a subjective interpretation of the words "all natural" and yet the words "all natural" could refer to numerous other qualities of the product, such as it's origin, its packaging or some other aspect not considered by the plaintiff. There are some definitions of "natural" that would allow for Tom's of Maine's products to be considered natural, so why should the plaintiff's interpretation be considered more valid than others?

I am a happy customer of Tom's of Maine's and I do not feel as though I was deceived. Further, I take exception to the idea that the plaintiff is fighting for my well-being. I am satisfied with Tom's of Maine's and I will gladly continue to use their fine products along with numerous other customers who feel as I do. While I sympathize with the Plaintiff and others who feel as though they were deceived, the amount of compensation being considered is simply unfair to Tom's of Maine Inc. A case such as this one in which there is so much material open to interpretation and so little backed by science and evidence does not merit much if any compensation. A court system ruled by Laws and not the by the whims of men implies a system that relies on objective evidence and not subjective feelings. So, I strongly urge the court not to indulge the Plaintiff's complaints, and instead give the Plaintiff as much as they deserve, about $40 in total.

Signed,

Samuel Goldstone

I object to the settlement in *Gay v. Tom's Of Maine, Inc.*, 0:14-CV-60604-KMM.

I am not represented by counsel. I have made purchases of multiple Tom's of Maine Products. I do not intend to appear at Final Approval Hearing in any capacity. I have not made any objections in the past.



Mr. Samuel Goldstone
130 S Barranca St Apt 318
West Covina, CA 91791

USMS
INSPECTED

SANTA ANA
CA 926
21 DEC '15
PM 4 L

RECEIVED

33128771699

Clerk of the Court

United States District Court
Southern District of Florida
400 North Miami Ave.
Miami, FL 33128

U.S. POSTAGE
$.49

91793
Date of sale
12/21/15
06/2500
082768653

A2 145 t22 t223006
082768653

SSK

FOLD HERE