# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF FLORIDA

| | |
|---|---|
| ALLISON GAY, SANDAHL NELSON, MOLLY MARTIN and GENEVIEVE GAMEZ, On Behalf of Themselves and All Others Similarly Situated, </br></br>                    Plaintiffs, </br></br> vs. </br></br> TOM'S OF MAINE, INC., </br></br>                    Defendant. | ) No: 14-cv-60604-KMM </br> ) </br> ) </br> ) </br> ) </br> ) </br> ) </br> ) </br> ) </br> ) </br> ) </br> ) </br> ) </br> ) </br> ) |

_____

## PLAINTIFFS' SUPPLEMENTAL BRIEFING IN RESPONSE TO THE OBJECTIONS OF SAMUEL GOLDSTONE, PATRICK S. SWEENEY AND DAWN WEAVER TO THE PROPOSED SETTLEMENT
_____

Plaintiffs, Allison Gay, Sandahl Nelson, Lorette Kenney, Claudia Morales, Molly Martin and Genevieve Gamez (collectively, "Plaintiffs"), respectfully submit this supplemental brief in response to the Objections of Samuel Goldstone ("Goldstone Objection") [Dkt. No. 33], Patrick S. Sweeney ("Sweeney Objection") [Dkt. No. 34] and Dawn Weaver ("Weaver Objection") [Dkt. No. 35] to the Settlement entered into between Plaintiffs and Defendant, Tom's of Maine, Inc. ("Tom's" or "Defendant"), which was preliminarily approved by this Court on September 9, 2015 [Dkt. No. 21].[1]  The Final Approval Hearing is scheduled for January 28, 2016.

## I.    INTRODUCTION

Any objections to the Settlement in this case were required to be postmarked on or before December 29, 2015 and filed with the Court and sent to Plaintiffs' and Defendant's counsel.  On December 30, 2015, three objections were filed with the Court.  The first objection was filed by *pro se* objector, Samuel Goldstone ("Goldstone") and, while styled as an "objection," it reads as requesting an opt-out.  The other two objections were filed by professional objector, Patrick S. Sweeney ("Sweeney"): one in his individual capacity as a purported member of the Class and the other as counsel for Dawn Weaver ("Weaver").  Aside from raising serious issues concerning the ethics and conflicts of interests inherent in the fee sharing arrangements of one who purports to be both an objecting Class member as well as a legal representative of another Class member, both the Sweeney Objection and Weaver Objection are facially specious and entirely lacking in merit.  Simply put, the Weaver Objection is largely copied from the previously filed Helfand Objection, filled with boilerplate language and unsubstantiated, conclusory statements attacking the Settlement, notice procedures, Class Counsel's requested attorneys' fees and costs, and certification of the Settlement Class.  It is readily apparent from the objections, however, that

---

[1] Plaintiffs previously addressed the objection filed by Steven Franklyn Helfand ("Helfand Objection") [Dkt. No. 27] in their initial final approval filing [Dkt. No. 32].

Sweeney lacks familiarity with the actual pleadings and submissions in this case, as well as the substantive terms of the Settlement[2] at issue.  For these reasons and the reasons explained below, the objections of Weaver, Sweeney, and Goldstone (to the extent the Court overlooks the fact they were not timely filed and considers them) should be overruled.

## II.     DISCUSSION

### A.     The Weaver Objection Should Be Overruled

Sweeney, counsel for Weaver, has been recognized as a professional and serial objector to class action settlements by a number of courts.  *See, e.g.*, *Roberts v. Electrolux Home Prods., Inc.*, 2014 WL 4568632, at *11-15 (C.D. Cal. Sept. 11, 2014) (noting that Sweeney and his counsel, Darrell Palmer, are serial, professional objectors and overruling objections to consumer class action settlement because they "do not seek to benefit the Class and appear to be made for the improper purpose of delaying the Settlement to extract a fee" and "not only ignore[] the allegations of the case and the positions of the Parties, but [are] meritless and demonstrate[] a failure to appreciate the fact that settlements are by necessity compromises"); *see also Larsen v. Trader Joe's Co.*, No. 11-cv-05188-WHO, 2014 WL 3404531, at *7 n.4 (N.D. Cal. July 11, 2014) ("[A]ttorney Patrick Sweeney also has a long history of representing objectors in class action proceedings."); *In re Checking Account Overdraft Litig.*, MDL No. 236, Case No. 09-md-02036-JLK (S.D. Fla.), Dkt. No. 3456, at 5 (identifying "Mr. Sweeney as a serial objector who filed objections to a number of the settlements previously approved in MDL No. 2036"); *Colon v. Jaguar Land Rover, N. Am., LLC*, No. 1-06-CV-075163 (Cal. Super. Ct.).[3]

---

[2] Unless otherwise noted, all capitalized terms have the same meaning as in the Agreement [Dkt. No. 20].

[3] Weaver has also objected to various class action settlements around the country, oftentimes represented by Darrell Palmer, "who courts have 'widely and repeatedly criticized as a serial,

2

Against this backdrop, it is no surprise that the objections made by Weaver/Sweeney are merely the same recycled, boilerplate arguments they have previously (and unsuccessfully) used in the past to try and unduly delay a number of other class action settlements, made solely for the purposes of harassment and for their own gain. Indeed, much of the language from the Weaver Objection was taken directly from the Helfand Objection. And, like the Helfand Objection, the arguments in the Weaver Objection are meritless and boilerplate, untailored to the facts and circumstances of the Settlement of this case, and only an attempt to derail a highly-contested, bargained-for Settlement reached by experienced counsel and approved by the Court.

### 1. Class Notice Is Adequate

First, contrary to Weaver's arguments, the Class Notice adequately provides Class members with the pertinent Settlement information. The Notice was crafted and disseminated by one of the country's foremost claims administrators. [*See* Dkt. No. 20-2.] Moreover, this Court approved the Notice on September 9, 2015, both in form and in content. Order Preliminarily Approving Class Action Settlement, Conditionally Certifying the Settlement Class, and Providing for Notice and Scheduling Order ("Order Approving Settlement" ) [Dkt. No. 21, ¶¶ 12-16.] The Weaver Objection makes only general, unsubstantiated claims that the Settlement website is "inadequate" and the notice is "misleading" without really explaining why. Weaver Objection, at 4. Indeed, "[i]t is not the function of the settlement notice to fully inform the class of all of the details of the settlement, but merely to put class members on notice of the general parameters of the settlement and to inform them of where information as to the specifics may be

---

professional, or otherwise vexatious objector.'" *Id.* ("Ms. Weaver's objections are similar to boilerplate objections made by Darrell Palmer that have been rejected by other courts.") (quoting *Dennis v. Kellogg Co.*, No. 09-CV-1786-L (WMc), 2013 WL 6055326, at *4 n.2 (S.D. Cal. Nov. 14, 2013) (listing other cases) (citations omitted)); *Wilkins v. HSBC Bank Nev., N.A.*, Case No. 14-cv-00190 (N.D. Ill.), [Dkt. No. 75] (objection by Weaver represented by Palmer).

obtained." *Bennett v. Behring Corp.*, 96 F.R.D. 343, 353 (S.D. Fla. 1982), *aff'd* 737 F.2d 982 (11th Cir. 1984) (citing *Grunin v. Int'l House of Pancakes*, 513 F.2d 114, 122 (8th Cir. 1975)). Here, the Notice clearly satisfies any due process requirements as it provides all of the pertinent information to the Class members in a simple and easy-to-read format.

### 2. Each Class Member Is Receiving Nearly The Entire Purchase Amount

Second, Weaver fails to appreciate that each Class member who makes a claim will be receiving nearly the *entire purchase amount* for each eligible product purchased from Defendant. [*See* Dkt. No. 15-3, at 18.] This is a significant and meaningful recovery for the Class members, particularly since, had this case continued down the litigation path and Plaintiffs prevailed at trial, each Class member would likely only be able to recover, at most, the premium amount on the products. *See, e.g.*, *Marty v. Anheuser-Busch Cos.*, 43 F. Supp. 3d 1333, 1346-47 (S.D. Fla. 2014) (recognizing premium price theory of damages to apply under Florida consumer act, where actual damages could be calculated as the premium price paid for defendant's products); *Rollins, Inc. v. Butland*, 951 So.2d 860, 869 (Ct. App. Fla. 2006) ("[T]he measure of actual damages is the difference in the market value of the product or service in the condition in which it was delivered and its market value . . .") (citations omitted).

### 3. The Attorneys' Fees and Incentive Awards Are Proper

Third, Weaver makes sweepingly general and unsupported attacks, without further substantive discussion, on the requested attorneys' fees and incentive awards as being "inappropriate," "disproportionate," and "hardly plausible." Weaver Objection, at 4-5. Weaver again fails to appreciate that the Court has already authorized the requested attorneys' fees in the amount of $1,035,000 and expenses in a sum not to exceed $50,000 as reasonable and proper. Order Approving Settlement, ¶ 6. Class Counsel's request for $1,035,000, or 23% of the

Settlement Fund, is not only less than the lodestar incurred by counsel to date, but is also well below the market rate in similar complex, contingent cases. *See Pinto v. Princess Cruise Lines, Ltd.*, 413 F. Supp. 2d 1334, 1341 (S.D. Fla. 2007) (noting that attorneys regularly contract for contingent fees between 30% and 40% directly with clients in private litigation). Moreover, Plaintiffs submitted ample documentation evidencing Class Counsel's reputation, skill, experience, and expertise in resolving similar class action lawsuits. [*See* Dkt. Nos. 20-3, 32-3.]

### 4.     Consumers Union Is an Appropriate *Cy Pres* Beneficiary

Fourth, Weaver's challenge to Consumers Union as a *cy pres* beneficiary is almost entirely copied (to include grammatical errors) from the Helfand Objection. *See* Weaver Objection, at 5. And because Plaintiffs have already addressed, in detail, these identical arguments from the Helfand Objection, *see* Pltf.'s Mem. In Supp. Of Mot. for Final Approval [Dkt. No. 32, at 14-15], Plaintiffs will not burden the Court with a reiteration of the evidence and arguments showing that Consumers Union is an undeniably appropriate *cy pres* designee in this consumer case. Plaintiffs do note, however, that as of January 9, 2016, a total of 67,803 claims have been filed, with a total claim value of $1,688,000 (an average of $24.90). *See* Supplemental Declaration of Jeffrey D. Dahl With Respect to Implementation of the Notice Plan and Performance of Required Settlement Administration Activities ("Dahl Decl."), ¶ 5. The Claims Administrator anticipates that more than 104,000 claims will be filed. (*Id.*, ¶ 6.) Thus, in light of the number of claims submitted, there will be no funds remaining after distribution to *cy pres*.

### 5.     The Settlement Class Is Certifiable

Fifth, aside from reciting the standards for approving class settlements and certifying a settlement class, Weaver completely fails to provide *any* argument, context, or discussion as to

5

why she believes the Settlement Class cannot be certified. *See* Weaver Objection, at 5-6. In any event, Florida courts have routinely certified numerous nationwide classes under Florida law for settlement purposes in similar consumer cases. *See, e.g.*, *Poertner v. Gillette Co.*, No. 6:12–cv–803–Orl–31DAB, 2014 WL 4162771, at *2 (M.D. Fla. Aug. 21, 2014) (certifying settlement class under FDUTPA); *Smith v. Wm. Wrigley Jr. Co.*, No. 09–60646–CIV, 2010 WL 2401149, at *3-6 (S.D. Fla. June 15, 2010) (same).

### 6.      Written Objections Are Required

Sixth, Weaver makes a final argument—again, without any discussion or supporting case law—that the requirement for objectors to provide information regarding objection history is "inappropriate and harassing." *See* Weaver Objection, at 6-7. Not only does Weaver blatantly refuse to comply with a direct Court Order, *see* Order Approving Settlement, ¶ 24, but does so without citing any authority justifying her intentional noncompliance. In fact, there is nothing unlawful, unusual, or inappropriate about courts requiring disclosure of information from parties regarding previous cases to help evaluate and weigh the objections. Indeed, failure to comply with such court orders may serve as grounds for sanctions under the Federal Rules of Civil Procedure. *See, e.g.*, *In re Navistar Diesel Engine Products Liab. Litig.*, No. 11 C 2496, 2013 WL 10545508, at *5 (N.D. Ill. July 3, 2013) (finding that objectors who failed to fulfill court's preliminary approval order requirement of disclosing prior objections "necessary for the Court to determine whether the purported objector has standing to object and to evaluate the credibility of the stated objection" are foreclosed from appealing); *In re Initial Pub. Offering Sec. Litig.*, 728 F. Supp. 2d 289 (S.D.N.Y. 2010) (finding failure of objectors' attorneys to provide court-compelled responses to questions to determine if they "have a pattern or practice of objecting to class action settlements for the purpose of securing a settlement from class counsel" sanctionable under

F.R.C.P. 37 and finding that attorneys were serial objectors and engaged in bad faith and vexatious conduct even without drawing a negative inference); *In re Flonase Antitrust Litig.*, No. 08-3301 (E.D. Pa. 2013) (striking objections where objectors failed to respond to court-permitted discovery requests regarding history of filing objections).

This requirement is especially appropriate and relevant in cases like this concerning court-recognized serial objectors, particularly in light of federal courts' concern with professional objectors lodging objections for improper purposes (*e.g.*, extracting fees by threatening to delay Class recovery with meritless appeals). *See, e.g.*, *In re Initial Pub. Offering Sec. Litig.*, 728 F. Supp. 2d at 295 ("[P]rofessional objectors undermine the administration of justice by disrupting settlement in the hopes of extorting a greater share of the settlement for themselves and their clients."); *Barnes v. FleetBoston,* No. 01 Civ. 10395, 2006 U.S. Dist. LEXIS 71072, at *3 (D. Mass. Aug. 22, 2006) ("Repeat objectors to class action settlements can make a living simply by filing frivolous appeals and thereby slowing down the execution of settlements. The larger the settlement, the more cost-effective it is to pay the objectors rather than suffer the delay of waiting for an appeal to be resolved (even an expedited appeal)."); *O'Keefe v. Mercedes–Benz USA, LLC*, 214 F.R.D. 266, 295 n.26 (E.D. Pa. 2003) (noting that "[f]ederal courts are increasingly weary of professional objectors: some of the objections were obviously canned objections filed by professional objectors who seek out class actions to simply extract a fee by lodging generic, unhelpful protests" and listing cases). Accordingly, Weaver has no basis to refuse to comply with a direct Court order to disclose the cases in which she has previously objected and her failure to do so alone merits disregard of her objection for failure to meet the Court's requirements for making objections.

### B. Sweeney's Objection Is Meritless and Conflicts with His Representation of Weaver

As noted above, Sweeney has been recognized by several courts as a professional, serial objector to class action settlements and, as an attestation to that reputation, Sweeney files not one but *two* objections in this single case. In addition to filing an objection as the legal representative of Weaver, a Class member, Sweeney also filed an objection *pro se* as a purported individual Class member. Sweeney's unsupported list of reasons for objecting to the Settlement echo those in the Weaver Objection. More significantly, however, this double-representation clearly raises conflict of interest and ethical issues, particularly where Sweeney has requested compensation from the Court in his individual capacity "for his role in improving the Settlement." Sweeney Objection, at 3.

Pursuant to Florida's Professional Rules of Conduct, "[a] lawyer shall not acquire a proprietary interest in the cause of action or subject matter of litigation the lawyer is conducting for a client." Fla. Bar Reg. R. 4-1.8(i). A lawyer violates this rule "where a lawyer is both a litigator for a client in a litigation and a party to the litigation." *Iowa Sup. Ct. Att'y Disciplinary Bd. v. Johnston*, 732 N.W. 448, 454-55 (Iowa 2007) (Iowa Rule of Professional Conduct 32:1.8(i) is identical to Florida Rule 4-1.8(i)); *see U.S. ex rel. Taxpayers Against Fraud v. GE*, 41 F.3d 1032, 1044 (6th Cir. 1994) (if plaintiff's attorney was a member of the group acting as co-plaintiff, the attorney may have violated this professional rule of conduct).

By filing a *pro se* objection to the Settlement, Sweeney became a party to this litigation. Upon subsequently filing the Weaver Objection as Weaver's attorney, Sweeney created a conflict by representing a client in a matter in which he had a propriety interest. Accordingly, Class Counsel respectfully request the Court use its inherent authority to disqualify Sweeney and the frivolous objections he has submitted and sanction him for the requisite attorneys' fees and

costs required to respond to these objections. *See In re Eichholz*, No. 06-14476, 2007 U.S. App. LEXIS 11201, at *2 (11th Cir. Jan. 10, 2007) ("Federal courts have the inherent authority to sanction lawyers for misconduct," which is judged by the Rules of Professional Conduct); *Fla. Bar v. Rosenberg*, 169 So.3d 1155, 1161 (Fla. 2015) ("trial courts possess inherent authority to impose attorneys' fees against an attorney for 'bad faith conduct,'" which can include violations of the Florida Professional Rules of Conduct).

### C. Goldstone's Objection Should Be Overruled

While styled in the form of an objection, Goldstone's submission is essentially a request to opt out of the Settlement, as Goldstone simply expresses that he is a satisfied customer of Tom's products and that he generally disagrees with the litigation. Goldstone does not raise any specific challenges or criticisms of the Settlement terms, but rather challenges the merits of the allegations against Defendant and Defendant's agreement to reach a settlement. Accordingly, the Goldstone Objection is insufficient to render the Settlement inadequate and should be overruled. *See, e.g.*, *Domonoske v. Bank of Am., N.A.*, 790 F. Supp. 2d 466, 474 (W.D. Va. 2011) ("[A] philosophical disagreement with class action litigation, a general disagreement with this litigation in particular, or dissatisfaction with class counsel's requested attorney's fees . . . do not impugn the adequacy of the settlement itself.").

### III. CONCLUSION

For the reasons set forth above, Plaintiffs respectfully request the Court overrule the Objections of Weaver, Sweeney and Goldstone, and grant Plaintiffs' Motion for Final Approval in its entirety.

Dated: January 14, 2016            SHEPHERD, FINKELMAN, MILLER & SHAH, LLP


/s/ Nathan C. Zipperian
Nathan C. Zipperian (#61525)
Scott R. Shepherd (#69655)
1640 Town Center Circle, Suite 216
Weston, FL 33326
Telephone: (954) 515-0123
Facsimile: (866) 300-7367
Email:  nzipperian@sfmslaw.com
        sshepherd@sfmslaw.com

James C. Shah
Natalie Finkelman Bennett
SHEPHERD, FINKELMAN, MILLER
& SHAH, LLP
35 E. State Street
Media, PA 19063
Telephone:  (610) 891-9880
Facsimile:  (866) 300-7367
Email: jshah@sfmslaw.com
        nfinkelman@sfmslaw.com

Jeffrey Feinberg
THE FEINBERG LAW FIRM
382 Springfield Ave, Suite 201
Summit, NJ 07901
Telephone: (212) 372-0297
Email: jfeinberg@nfcounsel.com

James F. Clapp
James T. Hannink
Zach P. Dostart
DOSTART CLAPP & COVENEY, LLP
4370 La Jolla Village Drive, Suite 970
San Diego, CA 92122-1253
Telephone:  (858) 623-4200
Facsimile:  (858) 623-4299
Email: jclapp@sdlaw.com
        jhannink@sdlaw.com
        zdostart@sdlaw.com

Clayton D. Halunen (Bar No. 219721)
Melissa Wolchansky (Bar No. 0387900)
HALUNEN LAW
1650 IDS Center
80 S 8th Street
Minneapolis, MN 55402
Telephone: 612.605.4098
Facsimile: 612.605.4099
Email: Halunen@halunenlaw.com
      wolchansky@halunenlaw.com

Michael R. Reese
REESE LLP
875 Avenue of the Americas, 18th Floor
New York, NY 10001
Telephone: (212) 643-0500
Facsimile: (212) 253-5272
Email: mreese@reeserichman.com
      krichman@reeserichman.com

Aashish Desai
DESAI LAW FIRM, P.C.
3200 Bristol Street, Suite 650
Costa Mesa, CA 92626
Telephone: (949) 614-5830
Facsimile: (949) 271-4190
Email: aashish@desai-law.com

Attorneys for Plaintiffs and the
Proposed Class