UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

ALLISON GAY, SANDAHL NELSON, )
MOLLY MARTIN, LORETTE KENNEY, )
CLAUDIA MORALES, AND GENEVIEVE )
GAMEZ, Individually and on Behalf of All )
Others Similarly Situated, )
)
Plaintiffs, )
) Case No. 14CV60604-KMM
v. )
)
)
)
TOM'S OF MAINE, INC., )
)
Defendant. )

### NOTICE OF WITHDRAWAL OF OBJECTIONS FOR PATRICK S. SWEENEY AND DAWN WEAVER

NOW COMES, *Pro Se* Objector PATRICK S. SWEENEY and Objector DAWN WEAVER, and hereby file NOTICE OF WITHDRAWAL OF OBJECTIONS in this case.

Absent class members, Patrick Sweeney, in *propria persona* and Dawn Weaver, by and through herself and her counsel of record, Patrick Sweeney, hereby **WITHDRAW** their objections in the above matter. Both Mr. Sweeney and Ms. Weaver hereby stipulate that they shall forgo any appeals or requests for an award

of attorney's fees or incentive payments.[1] No compensation or consideration was offered or shall be paid for withdrawal of the objections.

Both Mr. Sweeney and Ms. Weaver respectfully request that the referral by the Honorable J. Michael Moore, Chief Judge of the Southern District of Florida to the Honorable Chris McAliley, United States Magistrate Judge, for report and recommendation: "Whether Sweeney has violated any applicable ethics rules by filing a pro se objection to the settlement and at the same time filing the Weaver objection as Weaver's attorney, and if so, whether sanctions are warranted" be dismissed as moot. [Docket, No. 44]

In its Opinion and Final Judgment, the Court overruled the objections of Mr. Sweeney and Ms. Weaver. [Docket 43].

If the referral to the Honorable Chris McAliley is not deemed moot in spite of the withdrawal, it is hereby averred that Mr. Sweeney had a written retainer agreement with Ms. Weaver. Concurrent with the written retainer agreement with Ms. Weaver, Ms. Weaver executed a written waiver of conflicts disclosing, in fact, that Mr. Sweeney was representing himself in *pro se* concurrently. Full disclosure of any potential or actual conflict was made. Informed consent was provided in

---

[1] There would be no entitlement in any event since the objections were overruled. This is included simply so as to bring finality to the withdrawal.

conformity with Rules of Professional Responsibility, Rule 4-1.7(b). The assertion made by Plaintiffs that there was an ethical lapse fails on one other ground; *to wit*, lack of standing. Significantly, Ms. Weaver does not contend that Mr. Sweeney did anything wrong, failed to provide informed consent, did anything unethical or was otherwise inadequate in his representation. Plaintiffs, while, perhaps, well-meaning in raising their concerns with the District Court, only reference Rules of Professional Responsibility, Rule 4-1.7(a), ignoring subdivision (b) allowing for informed consent and waiver. Put simply, nothing unethical or untoward occurred.

Moreover, Ms. Weaver was also represented by two other attorneys who fully advised Ms. Weaver regarding the potential conflict. Indeed, as per his regular and ordinary course of business whenever a written conflict disclosure is sought from a client, such as Ms. Weaver here, Mr. Sweeney advises his clients to seek advice from independent counsel to review the facts, the written waiver and retainer agreement, *etc*. Mr. Sweeney comported with his regular business practice and Ms. Weaver obtained advice from independent counsel as instructed. Ms. Weaver, being fully informed of any potential or actual conflicts, elected to proceed. Should it be necessary, the written retainer agreement and written conflict waiver can be produced *in camera*.

While Mr. Sweeney feels very strongly that he did nothing unethical or contrary to the rules of professional conduct in light of the aforementioned, the District Court did, in fact, carefully consider their objections. The objections by Mr. Sweeney and Ms. Weaver were made in good faith and not for an improper purpose. Withdrawal of the objections in light of the District Court's concerns is appropriate.

Finally, there was no prejudice to any party even in the event, *arguendo*, the District Court were to conclude that Mr. Sweeney may have erred notwithstanding a written conflict waiver and informed consent. No sanctions would be appropriate under the circumstances.[2]

Respectfully submitted, Dated: 3-23-2016

_____
Patrick Sweeney
I agree to the withdrawal of my objection: Dated: 3-23-2016

---

[2] While Plaintiffs sought sanctions in their responsive pleading to the objections tendered by Mr. Sweeney and Ms. Weaver, no notice of motion was provided and safe-harbor pursuant to Rule 11 was ignored. At the fairness hearing, Plaintiffs' and Defendant's counsel misspoke, indicating that a motion for sanctions against Mr. Sweeney and/or Ms. Weaver was filed. Chief Judge Moore indicated at the time that a reference on the sanctions motions to a magistrate judge would be appropriate for a report and recommendation. However, no formal sanctions motion was actually filed by Plaintiffs. The docket speaks for itself.

_____
Dawn Weaver
I agree to the withdrawal of my objection: Dated: 3/25/16

## CERTIFICATE OF SERVICE

I hereby certify that on March 25, 2016, I caused to be filed, by filing this Withdrawal of Objection electronically with Clerk of the Court for the United States District Court for the Southern District of Florida. The filing which in turn will be electronically forwarded to all counsel of record.

Patrick S. Sweeney
2590 Richardson Street
Madison, WI 53711
(310)-339-0548
patrickshanesweeney@gmail.com