UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

ALLISON GAY, SANDAHL NELSON,         )
MOLLY MARTIN, LORETTE KENNEY,)
CLAUDIA MORALES, AND GENEVIEVE   )
GAMEZ, Individually and on Behalf of All)
Others Similarly Situated,                       )
                                                                 )
Plaintiffs,                                                    )
                                                                 )   Case No.   14CV60604-KMM
v.                                                              )
                                                                 )
                                                                 )
TOM'S OF MAINE, INC.,                           )
                                                                 )
Defendant.                                                 )
_____

**NOTICE OF WITHDRAWAL OF OBJECTIONS FOR PATRICK S.
SWEENEY AND DAWN WEAVER**

NOW COMES, *Pro Se* Objector PATRICK S. SWEENEY and PATRICK S. SWEENEY as Counsel for Objector DAWN WEAVER, and hereby files this Response to the Court's Orders [Docket Numbers 44 and 45].

**FACTUAL BACKGROUND**

Absent class member, Patrick Sweeney ("Mr. Sweeney"), filed an objection, *Pro Se* [Docket Number 34] in this case. Subsequently, at the request of Dawn Weaver ("Ms. Weaver") and her attorneys, he filed an objection on behalf of Ms. Weaver.

Class Counsel, in its Response Brief to the Objections, raised the issue of whether Mr. Sweeney has violated the Florida Rules of Professional Responsibility

by filing both as Pro Se and as Counsel on behalf of Ms. Weaver.

As a result, the Court, sua sponte, (meaning without the further request of Class Counsel or the at the request of Ms. Weaver or her attorneys) referred the issue to the Honorable Chris McAliley, United States Magistrate Judge, for report and recommendation as to "[w]hether Sweeney has violated any applicable ethics rules by filing a pro se objection to the settlement and at the same time filing the Weaver objection as Weavers attorney, and if so, whether sanctions are warranted." Further the Court through the Honorable Chris McAliley, United States Magistrate Judge ordered Sweeney to "[r]espond" to the "allegation" [Docket Number 45].

Later both Mr. Sweeney and Ms. Weaver respectfully requested that the referral by the Honorable J. Michael Moore, Chief Judge of the Southern District of Florida to the Honorable Chris McAliley, United States Magistrate Judge, for report and recommendation: "Whether Sweeney has violated any applicable ethics rules by filing a pro se objection to the settlement and at the same time filing the Weaver objection as Weaver 's attorney, and if so, whether sanctions are warranted" be dismissed as moot. [Docket, No. 44]. The Court denied the request.

Subsequently, the Court has schedule a telephonic hearing pursuant to its Order Setting Telephonic Status Conference for 4/21/2016 03:00 PM in Miami Division before Magistrate Judge Chris M. McAliley, to address the ethical question regarding the actions of Patrick Sweeney [Docket Number 51].

(It should be noted that the in its Opinion and Final Judgment, the Court overruled the objections of Mr. Sweeney and Ms. Weaver. [Docket 43]).

On or about December 29, 2015 Mr. Sweeney received a call from Attorney Kelly Puls ("Attorney Puls") and Attorney Darrell Palmer ("Attorney Palmer"). They explained they both represented Ms. Weaver in regard to her potential objection in the *Tom's of Maine* matter. Mr. Sweeney knew they represented Ms. Weaver on legal matters previously. They further explained they were up against the objection deadline and neither Attorney Puls nor Attorney Palmer were not admitted to the Southern District of Florida and that Mr. Sweeney was so admitted to that court. Mr. Sweeney explained he had already filed an objection Pro Se in the matter. Both Attorneys acknowledged the fact and went on to explain that Ms. Weaver, nonetheless was interested in pursuing the Objection. It should be noted Mr. Sweeney has personally known Ms. Weaver for approximately two (2) years. Also, Mr. Sweeney has known Attorney Palmer and Attorney Puls for more than 30 years.

They explained that Ms. Weaver had been fully informed and advised of the conflict and still wished to proceed with the filing of her objection and that Mr. Sweeney was her last and only remaining chance to file a timely objection. Mr. Sweeney indicated he would need Ms. Weaver to "sign off" with a written conflict and waiver agreement. He was assured Ms. Weaver would do so.

Shortly thereafter Mr. Sweeney received a written consent and waiver agreement executed by Ms. Weaver. Mr. Sweeney then filed the objection electronically in the United States District Court for the Southern District of Florida (Docket Number 35).

## ARGUMENT

Class Counsel cited Florida Professional Rules of Conduct, [a] lawyer shall not acquire a proprietary interest in the cause of action or subject matter of litigation the lawyer is conducting for a client. Fla. Bar Reg. R. 4-1.8(i). A lawyer violates this rule where a lawyer is both a litigator for a client in a litigation and a party to the litigation. Iowa Sup. Ct. Atty Disciplinary Bd. v. Johnston, 732 N.W. 448, 454-55 (Iowa 2007) (Iowa Rule of Professional Conduct 32:1.8(i) is identical to Florida Rule 4-1.8(i)); see also U.S. ex rel. Taxpayers Against Fraud v. GE, 41 F.3d 1032, 1044 (6th Cir. 1994) (if plaintiff's attorney was a member of the group acting as co-plaintiff, the attorney may have violated this professional rule of conduct).

Rule 1.8 states:

"(i) acquiring proprietary interest in cause of action. A lawyer shall not acquire a proprietary interest in the cause of action or subject matter of litigation the lawyer is conducting for a client, except that the lawyer may: (1) acquire a lien granted by law to secure the lawyer's fee or expenses; and (2) contract with a client for a reasonable contingent fee." Rule 4.1.8 (i) F.R. P.R. Mr. Sweeney had previously had filed Pro Se and was not acquiring a new interest in the lawsuit, but rather was

merely filing an objection on Ms. Weaver's behalf.

Class Counsel, while, perhaps, well-meaning in raising their concerns with the District Court, only reference Rules of Professional Responsibility, Rule 4-1.8 (i), ignoring Rule 4.1.7 which more appropriately applicable. Particularly subdivision (b) of Rule 4.1.7 allowing for informed consent and waiver by a client. Also, Rule 4.1.8 allows for conflicts as long as the attorney provides the Client certain protections.

Specifically, "[a] lawyer shall not enter into a business transaction with a client or knowingly acquire an ownership, possessory, security, or other pecuniary interest adverse to a client, except a lien granted by law to secure a lawyer's fee or expenses, unless: (1) the transaction and terms on which the lawyer acquires the interest are fair and reasonable to the client and are fully disclosed and transmitted in writing to the client in a manner that can be reasonably understood by the client; (2) the client is advised in writing of the desirability of seeking and is given a reasonable opportunity to seek the advice of independent legal counsel on the transaction; and (3) the client gives informed consent, in a writing signed by the client, to the essential terms of the transaction and the lawyer's role in the transaction, including whether the lawyer is representing the client in the transaction." Rule 1.8.1

Moreover, Ms. Weaver was also represented by two other attorneys who fully advised Ms. Weaver regarding the potential conflict. Indeed, as per his regular and ordinary course of business whenever a written conflict disclosure is sought from a

client, such as Ms. Weaver here, Mr. Sweeney advises his clients to seek advice from independent counsel to review the facts and the written waiver and consent agreement. Mr. Sweeney comported with his regular business practice and Ms. Weaver obtained advice from independent counsel as instructed.  Ms. Weaver, being fully informed of any potential or actual conflicts, elected to proceed. Should it be necessary, the written conflict waiver can be produced *in camera*. Accordingly full disclosure of any potential or actual conflict was made and informed consent was received in conformity with Rules of Professional Responsibility, Rule 4-l.7 (b).

> FCH Full Featured P…, 4/11/16 11:01 AM
> Comment [1]:

Finally, there was no prejudice to any party even in the event, *arguendo,* the District Court were to conclude that Mr. Sweeney may have erred notwithstanding a written conflict waiver and informed consent. No sanctions would be appropriate under the circumstances. [1]

---

[1] While Plaintiffs sought sanctions in their responsive pleading to the objections tendered by Mr. Sweeney and Ms. Weaver, no notice of motion was provided and safe-harbor pursuant to Rule 11 was ignored. At the fairness hearing, Plaintiffs' and Defendant's counsel misspoke, indicating that a motion for sanctions against Mr. Sweeney and/or Ms. Weaver was filed. Chief Judge Moore indicated at the time that a reference on the sanctions motions to a magistrate judge would be appropriate for a report and recommendation. However, no formal sanctions motion was actually filed by Plaintiffs.  The docket speaks for itself.

    Respectfully submitted by:

    __//S//_____
    Patrick S. Sweeney, Pro Se
    2590 Richardson Street
    Madison, WI 53711
    Ph.: (310)-339-0548
    patrickshanesweeney@gmail.com

**CERTIFICATE OF SERVICE**

     I hereby certify that on April 13, 2016, I caused to be filed, by filing this Response electronically with Clerk of the Court for the United States District Court for the Southern District of Florida. The filing which in turn will be electronically dispensed to all counsel of record.

                                                                    Patrick S. Sweeney
                                                                    2590 Richardson Street
                                                                    Madison, WI 53711
                                                                    (310)-339-0548
                                                                    patrickshanesweeney@gmail.com