UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 14-60604-CIV-MOORE/MCALILEY

ALLISON GAY, et al.

    Plaintiffs,

v.

TOM'S OF MAINE,

    Defendant.

_____/

## REPORT AND RECOMMENDATION

The Honorable K. Michael Moore has referred this question to me: whether attorney and class objector Patrick Sweeney violated any applicable ethics rules by filing a *pro se* objection to the settlement in this action and, at the same time, filing an objection on behalf of class member Dawn Weaver as Ms. Weaver's attorney, and if so, whether sanctions are warranted. [DE 44]. After reviewing the record, which includes written explanations by Mr. Sweeney regarding the circumstances of his representation of Ms. Weaver [DE 46, 53], and holding a hearing on this matter on April 21, 2016,[1] I conclude that Mr. Sweeney did not violate any ethical rules, and I recommend that the Court close this inquiry.

**A.**    **Background**[2]

On December 29, 2016, Patrick Sweeney filed a *pro se* objection to the proposed

---

[1] Mr. Sweeny and counsel for the parties attended the hearing by telephone.

[2] This history and factual findings are based on a review of the docket, Mr. Sweeney's written statements, and his testimony the April 21, 2016 hearing.

1

settlement of this class action. [DE 34]. On December 30, 2016, Mr. Sweeney, acting on behalf of his client, Dawn Weaver, filed Ms. Weaver's objection to the proposed settlement. [DE 35]. Plaintiffs filed a response to those objections in which they claimed that Mr. Sweeney had a conflict of interest in representing himself and Ms. Weaver, and that he had violated Florida Rule of Professional Conduct 4-1.8(i). They asserted that Mr. Sweeny should be "disqualified" and sanctioned for his misconduct. [DE 36, p. 9]. Judge Moore then referred the matter to me,

At the hearing, Mr. Sweeney explained the circumstances surrounding his retention by Ms. Weaver in this matter. After he had filed his own *pro se* objection to the proposed class settlement, and just before the deadline for filing objections, Mr. Sweeney was contacted by two attorneys who represented Ms. Weaver. Mr. Sweeney, who resides in Madison, Wisconsin, had known these attorneys for over 30 years and he had known Ms. Weaver socially for a few years. Ms. Weaver's lawyers explained that Ms. Weaver objected to the proposed settlement, and they had prepared a written objection on her behalf, but they could not file it as they were not admitted to practice before this Court. They knew that Mr. Sweeney was admitted to the Southern District of Florida and asked if he would file the objection as Ms. Weaver's counsel.

Mr. Sweeney told them that he had filed his own *pro se* objection and said that if he were to file an objection on behalf of Ms. Weaver, he might have a potential conflict of interest, which Ms. Weaver would have to waive. Counsel for Ms. Weaver said that she would waive any conflict of interest and they provided him with the objection for filing. To

the best of his recollection, after reviewing the objection, Mr. Sweeney filed it on behalf of Ms. Weaver later that same day. He was not compensated by Ms. Weaver for his services. Mr. Sweeney did not appear at the hearing on the objections or otherwise further participate in this action either on his own behalf, or on behalf of Ms. Weaver. Ms. Weaver provided Mr. Sweeney with a writing confirming her waiver of any conflict.

## II.    Analysis

As noted, Plaintiffs' counsel suggest that Mr. Sweeny violated Rule 4-1.8(i) in connection with his filing of Ms. Weaver's objection. Rule 4-1.7(a), which concerns conflicts of interests with a current client, is also relevant to Mr. Sweeney's dual representation in this matter. For the following reasons, I conclude that Mr. Sweeney did not violate either Rule.[3]

### A.    Rule 4-1.8(i)

Rule 4-1.8(i) prohibits a lawyer from "aquir[ing] a proprietary interest in the cause of action or subject matter of litigation the lawyer is conducting for a client," with certain exceptions not applicable here. A "proprietary interest" is "the interest of an owner of property together with the rights appurtenant thereto . . . ." Black's Law Dictionary, 5th Ed., 1979.

Ms. Weaver's interest in the class action arose from her purchase of Tom's of Maine products. Mr. Sweeney's interest in the class action is based on his separate and independent purchase of Defendant's products. Thus, they each have separate and distinct

---

[3] At the hearing, after Mr. Sweeney testified, Plaintiffs' counsel stated that they no longer had a concern that he had committed an ethical violation in this matter. Plaintiffs' counsel also clarified that Plaintiffs do not seek sanctions against Mr. Sweeney.

claims that were joined into this class action. *Morrison v. Allstate Indem. Co.*, 228 F.3d 1255, 1262 (11th Cir. 2000) (class members' claim are separate and distinct unless, the claim arises where "the defendant owes an obligation to the group of plaintiffs as a group and not to the individuals severally"). When he agreed to file Ms. Weaver's objection, Mr. Sweeney did not acquire an ownership interest in Ms. Weaver's cause of action against Defendant or in the subject matter of the litigation he was conducting for her. It follows that Mr. Sweeney did not violate the requirements of Rule 4-1.8(i) when he filed Ms. Weaver's objection.

**B.     Rule 4-1.7(a) and (b)**

Florida Rule of Professional Conduct 4-1.7 (a) and (b) sets forth the general rule regulating conflicts of interest. Rule 4-1.7(a) states, in pertinent part that a lawyer must not represent a client if that representation would: (1) be "directly adverse to another client" or (2) "there is substantial risk that the representation of 1 or more clients will be materially limited by . . . a personal interest of the lawyer." Mr. Sweeney and Ms. Weaver objected to the proposed settlement on similar grounds and it cannot be said that Mr. Sweeney's representation of his own interest as a class member was directly adverse to Ms. Weaver's interest as a class member.[4]

Nor do I see a "substantial risk" that Mr. Sweeney's extremely limited representation of Ms. Weaver as an objector in this action would be materially limited by

---

[4] In his objection, Mr. Sweeney sought the award of an unspecified incentive fee [DE 34, p. 3], while Ms. Weaver's counsel who drafted her objection did not include such a request. [DE 35]. I find that this discrepancy did not make Mr. Sweeney's representation of Ms. Weaver directly adverse to his self-representation.

4

his personal interest as an objector. In reaching this conclusion, I specifically find that the fact that Mr. Sweeney made a general request for an incentive fee in his objection did not create a substantial risk that his representation of Ms. Weaver would be compromised. I recommend that the Court find that no conflict existed between Mr. Sweeney's *pro se* appearance as an objector and his representation of Ms. Weaver in this action, as proscribed by Rule 4-1.7(a).

Even if the dual representation had created a conflict of interest, Rule 4-1.7(b) provides that Mr. Sweeny could undertake that representation so long as: (1) he reasonably believed that he would be able to provide competent and diligent representation of himself and Ms. Weaver; (2) the representation was not prohibited by law; (3) the representation did not involve assertion of adverse positions for multiple clients in the same proceeding; and Ms. Weaver gave "informed consent, confirmed in writing or clearly stated on the record at a hearing."

On this record I conclude that Mr. Sweeney reasonably believed that he could give competent and diligent representation to himself and Ms. Weaver, and that his representation of Ms. Weaver was not prohibited by law. The dual representation did not require Mr. Sweeny to assert adverse positions in this matter as both he and Ms. Weaver objected to the proposed settlement on similar grounds. Finally, Ms. Weaver, after being informed of the potential conflict, consented to Mr. Sweeney filing her objection. This consent was confirmed in writing as required by the Rule. [DE 55].

For these reasons, I conclude that Mr. Sweeny's conduct did not run afoul of Rule 4-1.7(a) and (b).

### III. Recommendation

Based on the foregoing, I find that Mr. Sweeney has not violated the applicable ethics rules of the Florida Bar by filing a pro se objection to the settlement in this action and, at the same time, filing an objection on behalf of class member Dawn Weaver as Ms. Weaver's attorney. I recommend that this inquiry be closed.

### IV. Objections

The parties may file written objections to this Report and Recommendation with the Honorable K. Michael Moore, **within fourteen days of this Report and Recommendation.** Failure to timely file objections shall bar the parties from attacking on appeal any factual findings contained herein. *RTC v. Hallmark Builders, Inc.*, 996 F.2d 1144, 1149 (11th Cir. 1993*); Locate v. Dagger*, 847 F.2d 745, 749-50 (11th Cir. 1988).

RESPECTFULLY RECOMMENDED in chambers in Miami, Florida this 10th day of May, 2016.

CHRIS MCALILEY
UNITED STATES MAGISTRATE JUDGE

cc:
The Honorable K. Michael Moore
Counsel of record